**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JO ANN SHURTZ as guardian ad litem for
ROBERT L. SHURTZ,
                Plaintiff,

-vs-                                            Case No. 6:06-cv-333-Orl-28JGG

BANC OF AMERICA SPECIALTY
FINANCE, INC., BANK OF AMERICA NA,
EQUIFAX INFORMATION SERVICES,
LLC,
                Defendants.
_____

## ORDER

This cause came on for consideration without oral argument on the following motions:

> **MOTION:**    PLAINTIFF'S MOTION TO COMPEL (Doc. No. 73)
>
> **FILED:**      February 26, 2007
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot. *See* Docket No. 74 (amended motion to compel).

> **MOTION:**    PLAINTIFF'S AMENDED MOTION TO COMPEL (Doc. No. 74)
>
> **FILED:**      February 26, 2007
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part as unopposed.

> **MOTION:** "**PLAINTIFF'S AMMENDED [sic] MOTION FOR THE COURT TO DETERMINE THAT CERTAIN ANSWERS BY DEFENDANT BANKS' [sic] TO PLAINTIFF'S INTERROGATORIES ARE FALSE AND OR [sic] BAD FAITH**" **(Doc. No. 76)**
>
> **FILED:**   March 17, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:**   **PLAINTIFF'S MOTION TO AMEND COMPLAINT (Doc. No. 82)**
>
> **FILED:**   April 11, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Jo Ann Shurtz, as guardian ad litem for Robert L. Shurtz, Plaintiff, seeks to hold Defendant Banc of America Specialty Finance, Inc. n/k/a Bank of America, N.A. liable for alleged violations of the Fair Credit Reporting Act and Florida statutes. Plaintiff has filed a number of motions, now before the Court.

**I.   MOTIONS TO COMPEL**

Plaintiff filed a motion to compel and an amended motion to compel seeking the same relief on February 27, 2007. Docket Nos. 73, 74. In the amended motion, Plaintiff seeks to compel better answers to several interrogatories, which Plaintiff served on Defendant Banc of America Specialty Finance, Inc. n/k/a Bank of America, N.A. on November 28, 2006. Docket No. 74 at 2. Plaintiff also asks the Court, in the alternative, to bar Defendant from testifying, arguing, or presenting evidence related to the interrogatories.

Defendant did not file a memorandum in opposition to the motion, so the motion is unopposed. In addition, Defendant's answers to Interrogatory No. 18 and 19 are not fully responsive. In its answer to Interrogatory No. 18, Defendant states that it does not maintain copies of the information, but does not clearly state that it does not know the answer to the interrogatory. *See* Docket No. 73 at 3. Additionally, in its answer to Interrogatory No. 19, Defendant lists a number of corporations with "Nations Credit" in their names, but failed to describe their relationships to Defendant. *See id.* at 4.

Accordingly, Plaintiff's amended motion to compel [Docket No. 74] is **GRANTED** as unopposed. The motion "in the alternative" to bar Defendant from testifying, arguing, or presenting evidence related to the interrogatories is **DENIED** without prejudice. Plaintiff's motion to compel [Docket No. 73] is **DENIED** as moot.

II. **"PLAINTIFF'S [AMENDED] MOTION FOR THE COURT TO DETERMINE THAT CERTAIN ANSWERS BY DEFENDANT BANKS' [sic] TO PLAINTIFF'S INTERROGATORIES ARE FALSE AND OR [sic] BAD FAITH"**

On March 17, 2007, Plaintiff filed a motion asking the Court to find that Defendant's answers to interrogatories are "false" or in "bad faith." Docket Nos. 76, 76-3. Defendant has filed a memorandum in opposition in which it argues that Plaintiff seeks relief in a discovery motion that actually should be resolved by the trier-of-fact at trial or by the Court on summary judgment. Docket No. 78.

Defendant is correct. Plaintiff did not seek to compel better answers to the interrogatories. Instead, Plaintiff makes numerous legal arguments that are confusing to support a motion for inappropriate relief. Plaintiff has cited no authority and shown no basis for the relief requested. Plaintiff's Amended Motion [Docket No. 76] is therefore **DENIED**.

**III.     MOTION TO AMEND THE COMPLAINT**

On April 11, 2007, Plaintiff filed a motion to amend the complaint. Docket No. 82. Plaintiff seeks leave to amend the complaint to "add a count alleging abuse of Florida's Abusive Senior Citizen's Statue [sic]." *Id.*

Under the Case Management and Scheduling Order, the deadline to file motions to amend pleadings was December 16, 2006. Docket No. 34 at 1. Without prior approval from the Court, parties may not extend any deadlines in the Case Management Scheduling Order ("Scheduling Order"). *Id.* at 4, ¶ II(B). When the motion to amend is made after the deadline established by the Court's pretrial scheduling order, "good cause" must be shown to modify the Scheduling Order to permit the amendment. Fed. R. Civ. P. 16(b); *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1995); *see also Nevels v. Ford Motor Co.*, 439 F.2d 251, 257 (5th Cir. 1971).[1] Motions to extend the deadlines in the Scheduling Order are generally disfavored. Docket No. 34 at 5, ¶ II(B)(2).

Plaintiff's counsel, despite previous warnings, failed to include a certificate of conference in compliance with Local Rule 3.01(g). *See* Docket Nos. 68, 71, 75. Furthermore, Plaintiff failed to show "good cause" to modify the Scheduling Order. Plaintiff's motion to amend [Docket No. 82] is therefore **DENIED** for failure to comply with Local Rule 3.01(g) and on the merits.

**DONE** and **ORDERED** in Orlando, Florida on April 23, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent for all decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

Copies furnished to:

Counsel of Record
Unrepresented Parties